**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION**

IN RE

BRANDON K. RUSSELL                                                                                          CASE NO. 18-70723
TASHA M. RUSSELL

DEBTORS

**OPINION AND ORDER**

The following ruling denying an objection to the then-current proposed repayment plan was read into the record on September 17, 2019. [ECF Nos. 123, 125.] The parties have not requested a transcript and subsequent papers and arguments suggest one or the other misinterprets the decision. Therefore, the ruling is repeated in this Order.

This is an Order denying objection to plan. The plan is at [ECF No.] 113; the objection is actually to one of the earlier plan iterations, but the plan still contains the same provisions.

First the background and facts. Section 3.5 of the Debtor's amended chapter 13 plan - ECF No. 113 - provides for surrender of the real property at 799 Burning Fork Road to Salyersville National Bank. Section 8.1 is a special provision that describes how the Debtors will pursue and distribute causes of action related to construction of the surrendered real property.

The Bank filed an objection to the special provision asserting that the Debtors have no interest in the causes of action described in Section 8.1. ECF No. 68. The Bank claims that the underlying mortgage gave it a security interest in the causes of action and a prior order for relief from the automatic stay divested the Debtors and/or their estate from possession.

The Decision:

The question is whether the plan is confirmable with the special provision.  I am not required to decide what party has the right to any recovery from the litigation. The plan is confirmable with the special provision.

The special provision revests the causes of action for negligence and breach of warranties in the Debtors.  The ownership of these causes of action is disputed, but the record shows the state court has not yet addressed the issue.  Therefore, there is at least some interest that has become property of the estate and the estate's interest may be addressed by the plan.

The bank argues the trustee's notice of abandonment and the order granting relief from the stay ceded all interest in the causes of action.  *See* ECF Nos. 40 and 47, respectively.   That is not the case.

The stay relief motion and order - ECF Nos. 29 and 47 - and the notice of abandonment - ECF No. 40 – were required, *were directed*, at the Debtors' real property interests referred to as 799 Burning Fork Road.  For example, the stay relief motion at ECF No. 29  only asks the court to lift the automatic stay as it (this is a quote)

> Affects the real property securing the bank's loan to the debtors and allowing it to commence state court foreclosure proceedings and dispose of its collateral and report back to the court and the trustee on any excess proceeds after satisfaction of its secured claim.  *See* ECF No. 29.

Similarly, the trustee notice of abandonment at ECF No. 40 shows the trustee only abandoned "any claim the trustee may have regarding certain real property commonly known as a house and acreage located at 799 Burning Fork, Salyersville, Magoffin County, Kentucky …"

The stay relief order and the notice of abandonment did not affect any personal property rights.  The causes of action are personal property under Kentucky law.

One cause of action involves a negli-negligent construction claim.  This is a chose in action, which is an in personam right.  *See Extendicare Homes, Inc. v. Whisman*, 478 S.W.3d

2

306, 348 (Ky. 2015), *as corrected* (Oct. 9, 2015), j*udgment rev'd in part, vacated in part sub nom., Kindred Nursing Centers Ltd. P'ship V. Clark*, 137 S. Ct. 1429, I'm sorry, 1421, 197 L. Ed. 2d 806 (2017).

The other cause of action is a warranty claim. Warranty claims arise out of a contract and are personal to the debtor, the party to the agreement. *Snawder v. Cohen,* 749 F.Supp. 1473, 1481 (W.D. Ky. 1990) (citing *Williams v. Fulmer,* 695 S.W.2d 411, 413 (Ky. 1985)); *see also Roberts v. Solideal Tire, Inc.*, [No. CIV. 06-14-DLB,] 2007 WL 2990536, at *2 (E.D. Ky. Oct. 10, 2007) (privity of contract is required when liability is predicated on warranty).

Based on this review, the Debtors retained an interest in the causes of action addressed in Section 8.1. Therefore, including a provision in the plan that describes how these rights are addressed is reasonable and necessary.

This decision does not decide the ultimate issue: who has the right to the proceeds of the causes of action. The record shows the bank and debtors are pursuing this question in the state court. Therefore, confirmation of a plan with a special provision that addresses the debtors' interest if they are successful does not harm any party.

3

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Tuesday, November 26, 2019**
**(grs)**